

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TC12 GRANTOR TRUST,                                         :
                                          Plaintiff,  :  Civil Action No. 05-CV-1211

-against-                                                   :

CHARLES GLESSING, D/B/A PALATINE                            :
NURSING HOME,
                                       Defendant.   :
------------------------------------------------------------x

## AGREED ORDER

Before the Court are the following matters: (1) Plaintiff's Emergency Motion to Amend the Preliminary Injunction (the "Motion to Amend Injunction") [Docket No. 32], (2) Plaintiff's Motion to Protect Collateral and Appoint Receiver (the "Motion for Receiver") [Docket No. 36], (3) Defendant's Motion to Dismiss Amended Complaint (the "Motion to Dismiss"), [Docket No. 39], (4) Defendant's Motion to Strike Dennis Lutz' First, Second and Third Declarations (the "Motion to Strike Lutz Declarations") [Docket No. 42]; and (5) Plaintiff's Motion to Strike the Affidavit of Charles A. Glessing (the "Motion to Strike Glessing Affidavit") [Docket No. 45] (collectively, the "Motions"). Having been advised by the Plaintiff and the Defendant (the "Parties") that they have reached an agreement as to the disposition of the above Motions, the Court hereby finds and orders as follows (the "Order"):

**THE PARTIES AGREE AND THE COURT HEREBY FINDS THAT:**

1.    Defendant has defaulted under the following documents, executed by the Defendant on February 11, 1998: (a) the Restated and Consolidated Mortgage Note (the "Note"), (b) Mortgage, Modification and Consolidation Agreement (the "Mortgage"), and (c) the Security Agreement (together with all security documents, including UCC filings, the "Loan

Documents");

2. All of the Loan Documents are legal, binding, obligations of Defendant and inure to the benefit of Plaintiff, enabling Plaintiff to enforce all Loan Documents according to their terms;

3. After all proper offsets and credits, as of September 20, 2005, the remaining balance owed on the Note by Defendant was $2,676,245.91 in principal, $277,156.26 in accrued interest and $500.12 in late fees for a total due of $2,953,902.29, plus default interest and all fees, including attorneys fees and costs, as they have accrued and continue to accrue;

4. Plaintiff has a valid and enforceable first priority lien and security interest in the Property and the Collateral (as defined in the Amended Complaint and in particular to include any license by Defendant to operate a nursing facility [Docket No. 25]) that remains in full force and effect;

5. Defendant has no defenses, rights of setoff or recoupment and/or counterclaims to the amounts due to Plaintiff under the Loan Documents, with the exception of Defendant's continuing arguments and/or defenses that the Loan Documents are non-recourse; and

6. Plaintiff is the legal holder of the Note, and the properly perfected first priority lienholder and secured party under the Mortgage and Security Agreement.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

A. Defendant shall take all reasonable and necessary actions and efforts to market the Property and the Collateral (as those terms are defined in the Amended Complaint, collectively referred to herein as the "Palatine Nursing Home") for sale, including, but not limited to, entering into a listing agreement with an agent and/or broker to be approved by Plaintiff within seven (7) days of the entry of this Order.

B. Defendant shall take all reasonable and necessary actions and efforts to fully cooperate with Plaintiff and any real estate agent or broker to market and sell the Palatine Nursing Home, as well as obtain any and all approvals and consents needed from any federal, state or local agency, including, but not limited to, the New York Department of Health, needed to effectuate the terms of this Order.

C. Upon the sale of the Palatine Nursing Home, Defendant is entitled to payment of five percent (5%) of the net proceeds of such sale, but in no event, except otherwise stated herein, shall this amount be less than $100,000; however, if the Palatine Nursing Home is purchased by Jerry Wood of O'Neil & Wood or Cosimo Maspropierro and/or their designees or affiliates, Defendant waives his right to any part of the purchase price and may choose to remain involved with the Palatine Nursing Home as an owner and/or operator at his option. Moreover, Plaintiff is only required to make the above payment set forth in this paragraph if the occupancy rate at the Palatine Nursing Home is at 85% or higher at the time of execution of the contract for sale.

D. Defendant shall submit to Plaintiff any and all offers to purchase the Palatine Nursing Home within forty-eight (48) hours of receipt, including, but not limited to, the identity of the potential buyer, the proposed purchase price, and all other proposed sale terms. Plaintiff shall be entitled to approve any sale of the Palatine Nursing Home, and upon such approval, Defendant shall take any and all actions necessary to complete the close of such sale on the terms as approved by Plaintiff. Defendant shall not sell the Palatine Nursing Home without the Plaintiff's express approval.

E. Within thirty (30) days after closing the sale of the Palatine Nursing Home, whether by a receiver or the Defendant, Plaintiff agrees to dismiss the Amended Complaint with

prejudice.

F. As of the entry of this Order, the following motions are deemed withdrawn with prejudice to refiling: (i) Motion to Dismiss [Docket No. 39] and (ii) Motion to Strike the Lutz Declarations [Docket No. 42].

G. As of the entry of this Order, the following motions are deemed withdrawn without prejudice to refiling: (i) Motion for Receiver [Docket No. 36], (ii) Motion to Amend Injunctive Relief [Docket No. 32], and (iii) Motion to Strike Glessing Affidavit [Docket No. 45].

H. Until further order of this Court, the Preliminary Injunction agreed to by the Parties and entered by this Court on September 27, 2005 [Docket No. 8], remains in full force and effect, and Defendant agrees to continue to abide by its terms, except to the extent they are modified by this Order.

I. In the event Defendant fails, for any reason, to comply with the terms of this Order, Plaintiff shall be entitled to pursue any and all remedies available to secure the Palatine Nursing Home, including, but not limited to, the appointment of a receiver, and Defendant shall consent to such remedies, specifically, Defendant consents, and shall not take any action to impede to the appointment of any qualified receiver that is sought by Plaintiff.

J. If a contract for sale of the Palatine Nursing Home is not in place within one (1) year of the entry of this Order, or at the end of any extension pursuant to this section, Plaintiff shall be entitled to, at its sole option (i) seek to extend the term of this Order and continue to pursue the sale of the Palatine Nursing Home under the terms of this Order or (ii) appoint a receiver for the Palatine Nursing Home, such receiver to be approved by the Plaintiff.

K. In the event a receiver is appointed under subsection J of this Order, conditioned upon Defendant's full cooperation and consent to the appointment of a receiver, within thirty

(30) days of the entry of the order appointing such receiver, the Plaintiff shall remit payment to Defendant in the amount of $100,000.

L.  Nothing in this Order shall change or alter the non-recourse nature of the Loan Documents, and does not give rise to personal liability on the part of the Defendant Charles A. Glessing.

M.  Plaintiff and Defendant agree to periodically report to the Court upon the progress of the sale of the Palatine Nursing Home.

IT SO ORDERED, May 10, 2006, at 3:19 p.m.

_____
Honorable Norman A. Mordue
United States District Judge

**AGREED TO AND SUBMITTED BY:**

GREENBERG TRAURIG, LLP

/s/ Brian A. Colao
Henry M. Greenberg (HMG 101854)
54 State Street, 6th Floor
Albany, New York 12207
Tel: (518) 689-1400
Fax: (518) 689-1499

Brian A. Colao -- *pro hac vice* granted
600 Three Galleria Tower
13155 Noel Road
Dallas, Texas 75240
Tel: (972) 419-1250
Fax: (972) 419-1251

*Attorneys for Plaintiff TC12 Grantor Trust*


/s/ Scott C. Paton
Scott C. Paton
MCNAMEE, LOCHNER, TITUS & WILLIAMS, PC
677 Broadway
PO Box 459
Albany, New York 12201-0459
Tel: (518) 447-3379
Fax: (518) 426-4260

*Attorneys for Defendant Charles Glessing d/b/a Palatine Nursing Home*

DAL-FS1\82485v07\86562.010400

6